UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CIVIL ACTION NO. 11-198-JBC**

**eSERVICES, LLC,**                                                                     **PLAINTIFF,**

**V.**                    **MEMORANDUM OPINION AND ORDER**

**ENERGY PURCHASING, INC. ET AL.,**                          **DEFENDANT.**

\* \* \* \* \* \* \* \* \*

      This matter is before the court on Michael P. Buchart's motion to dismiss (R. 10). Energy Purchasing, Inc., a Kentucky corporation, entered into contracts with eServices while Energy Purchasing was administratively dissolved. eServices brought suit against Energy Purchasing and Michael Buchart, its President and sole director, in his individual capacity, arguing that despite Energy Purchasing's reinstatement, Buchart is personally liable on contracts he signed on behalf of Energy Purchasing while it was administratively dissolved. Because Kentucky law provides that reinstatement of an administratively dissolved corporation relates back to the date of dissolution, the court will dismiss the claims against Buchart.

      In Kentucky, reinstatement of an administratively dissolved entity nullifies the administrative dissolution: "[w]hen the reinstatement is effective, it shall relate back to and take effect as of the effective date of the administrative dissolution and the entity shall resume carrying on its business as if the administrative

dissolution . . . had never occurred." KY. REV. STAT. 14A.7-030(3) (2011)[1]  In other words, the reinstatement of Energy Purchasing was intended to put the corporation in the same position it would have been in had it originally complied with its obligations with the state.  S*ee Fairbanks Arctic Blind Co. v. Prather & Assoc.*, 198 S.W.3d 143, 146 (Ky. Ct. App. 2005).  Kentucky law is clear on the point that all acts undertaken on behalf of a corporation during a period of administrative dissolution are validated by its subsequent reinstatement; for instance, a contract signed by an individual, acting on behalf of a corporation during dissolution, with a third party is binding on both the corporation and the third party after the corporation is reinstated. *See id*.  The issue here is the inverse: whether the individual who signed that contract is personally liable to the third party after the corporation on whose behalf he acted has been reinstated.  There is no published Kentucky authority that addresses this exact issue, and the unpublished cases that do address it come to inconsistent conclusions; however, the published Kentucky law lends greater support to the proposition that administrative reinstatement also reinstates limited liability for acts taken during the period of dissolution.

The concept of limited liability, and the resulting absolution of personal liability for acts undertaken on behalf of the corporation, is an inherent part of the modern American corporate form.  *See, e.g.,* Phillip I. Blumberg, *Limited Liability and Corporate Groups*, 11 J. Corp. L. 573, 591-592 (1986); Franklin A. Gevurtz,

---

[1] At the time the contracts in question were signed, a previous version of the statute, KRS 271B.14-220(3), was in force.  This version, which applied only to corporations, was repealed effective Janurary 1, 2011, in favor of KRS 14A.7-030(3) which applies to "entities" including corporations and limited liability companies.  The substantive provisions of the statutes are the same.

*The Globalization of Corporate Law: The End of History or A Never-Ending Story?*, 86 Wash. L. Rev. 475, 487 (2011); Douglas G. Smith, *A Federalism-Based Rationale for Limited Liability*, 60 Ala. L. Rev. 649, 667 (2009) (each discussing the central role of limited liability in the development of American corporate law in the nineteenth century). A corporation, being a fictional person, cannot act for itself; rather, it must act through its agents, and the principle that a person acting as an agent on behalf of a corporation is protected from personal liability is also therefore a central aspect of corporate agency law. When an officer, director, or shareholder acts as the agent of a corporation, he is protected from personal liability when acting within his authority to bind the corporation. *See* KY. REV. STAT. ANN. § 271B.6-220; *Smith v. Isaacs*, 777 S.W.2d 912, 913 (Ky. 1989) (citing RESTATEMENT (SECOND) OF AGENCY § 328 (1958)). Likewise, when an agent with actual authority makes a contract on behalf of a corporation, the corporation and the third party are parties to the contract, and the agent himself is not a party unless the agent and third party agree otherwise. *See* RESTATEMENT (THIRD) OF AGENCY § 6.01 cmt. c, cmt. d(2) (2006). In Kentucky, courts will attach liability to individuals acting on behalf of a corporation, piercing the corporate veil, only where the idea of the corporation as a "separate legal entity is used to justify wrong, protect fraud or defend crime. . . ." *Dare To Be Great, Inc. v. Com. ex rel. Hancock*, 511 S.W.2d 224 (Ky. 1974). The concept of limited liability for individuals acting on behalf of a corporation is an essential aspect of a functioning corporate entity.

Buchart's actions in signing the contracts in question, therefore, were made in his capacity as an officer of Energy Purchasing rather than in his individual capacity, even though the corporation was administratively dissolved at the time the contracts were signed. Because Energy Purchasing was reinstated after Buchart signed the contracts, the corporation is treated as having been in existence when the contracts were signed, complete with the corporate shield against personal liability, and Buchart is thereby relieved of any personal liability in the absence of reasons to pierce the corporate veil. *See Fairbanks* at 146; *see also Pannell v. Shannon*, No. 2010-CA-001172-MR, 2011 WL 3793415 at *4 (Ky. Ct. App. Aug 26, 2011) (unpublished).

eServices argues that Buchart is liable under other unpublished Kentucky Court of Appeals cases, but those cases are not binding precedent and conflict with the published *Fairbanks* decision, which takes a broader view of corporate personhood. In *Forleo v. American Products of Kentucky, Inc.*, No. 2005-CA-000196-MR, 2006 WL 2788429 (Ky. Ct. App. Sep. 29, 2006) and *Martin v. Pack's Inc.*, No. 2010-CA0001048-MR, 2010 WL 3207947 (Ky. Ct. App. Jul. 29, 2011), the Kentucky Court of Appeals found individuals personally liable for acts undertaken on behalf of a corporation while it was administratively dissolved. *Martin* is easily distinguishable because the corporation at issue was never reinstated. In *Forleo*, the corporation was reinstated only after the trial court made its determinations, but the Court of Appeals did not address that point in holding that the reinstatement was ineffective to prevent personal liability.

4

The reasoning in *Forleo* relies on three points: first, that the statute is silent on the issue of personal liability for acts undertaken during the period of administrative dissolution; second, that KRS § 271B.14-210(3), now KRS § 14A.7-020(3), prohibits a corporation from carrying on any business after administrative dissolution except that necessary for winding up business; and third, that the language "shall resume" in the statute necessarily implies that the corporation ceased doing business after dissolution. *See Forleo* at *4. These three points are refuted by the published *Fairbanks* opinion.

First, while the statute is indeed silent on the issue of personal liability, it does not need to explicitly provide for limited liability because the concept of limited liability is, as discussed above, an inherent part of a corporation "carrying on its business." To exclude the corporate shield against personal liability from the corporation's business is to add meaning to the statute that is not present on its face. *See Fairbanks* at 145.

The reinstatement statute and the way it has been applied in Kentucky speak against *Forleo*'s second point. While 14A.7-020(3) prohibits a corporation that has been administratively dissolved from engaging in any business other than that necessary for winding up, 14A.7-030(1)(e) provides that one of the prerequisites for administrative reinstatement is that the company must have taken no steps toward winding up. In order to comply with both statutes, in the way envisioned by the *Forleo* court, a corporation hoping for reinstatement must completely cease operations while administratively dissolved; however, the *Fairbanks* court held that

5

"reinstatement *validates any action* taken by a corporation between the time it was administratively dissolved and the date of its reinstatement." *Fairbanks* at 146 (emphasis added). Thus, the reinstatement statute, as applied, grants amnesty for business actions taken by the corporation during the dissolution, which is inconsistent with *Forleo*'s punitive application of the statute. Finally, where *Forleo*'s holding relies on its interpretation of the "shall resume" language in the statute, the *Fairbanks* court explicitly declined to interpret the statute in such a fashion, reasoning that to focus solely on the "resume" language in the statute would render its other language meaningless. *See Fairbanks* at 147.

Because *Forleo* is in direct conflict with published Kentucky law, it is unpersuasive as to how Kentucky would interpret this precise issue. eServices' argument that both interpretations can exist simultaneously, with the *Fairbanks* decision applying only to actions taken by the corporate entity and thereby entitling eServices to sue Energy Purchasing, and the *Forleo* decision applying only to actions taken by individual officers, directors, or shareholders and thereby entitling eServices to sue Buchart in his individual capacity, is inconsistent with Kentucky law and attempts to insert a distinction into the statute that is not present on its face.

Buchart is not, therefore, personally liable on the contracts he signed on behalf of Energy Purchasing while it was administratively dissolved. Because the facts presented in the complaint, taken as true, do not state a claim to relief

6

against Buchart in his individual capacity that is plausible on its face, *see Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1950 (2009); FED. R. CIV. P. 12(b)(6),

**IT IS ORDERED** that the motion (R. 10) is **GRANTED**.

Signed on February 6, 2012

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY